Taylor, C. J.
This question has been much discussed in the Superior Courts; and it is time that the law should be understood by the community ; for 1 believe that no judgment has been passed in any case, Where the objection was taken. I have revolved in my hiind the several arguments Í have heard against indicting the man separately, but the}' do not satisfy me that the proceeding is wrong, or that any principle of justice or legal analogy ts in danger of violation by it. The ■first proof in support of the indictment, may be derived from the act itself, which provides, “ that the evidence of the person who may be particeps criminis, shall not be admitted to charge any Defendant under this act.’* Ti^is contemplates a separate charge, because it speaks of a particeps criminis as contradistinguished from' a Defendant. Ií a joint indictment had been in the view of the Legislature, the provision would have been nugatory and superfluous; for then, one Defendant could not have been a witness against the other.*
Secondly. A separate charge is supported, by the analogy of othér case's» A judgment may be given against one Defendant in a conspiracy, before the other is tried.† So one conspirator may be convicted after the other is dead ‡ Persons have been tried and convicted of the crime against nature, though the agent was charged, and the offence could not have been committed Without the concurrence of the patient. The case of
*166 $e$pub!ica y.Roberts,* is directly in point. The Defend* ant was indicted separately for adultery. He was not, it is true, convicted of that offence, because it appeared that he was not married ; and they have a notion there, different from what the books teach us, that both parties must he married in order to commit that crime ; but judgment was given against him for fornication. Lastly, the rea-soniñg of the Court, in the case of De Costa v. Jones,† manifestly shows, that’wherever a question arises upon a feal matter of right, though the interest Or feelings of third persons, not parties, may be affected by it, it sha/f be tried. The action jn that case, was held not to lie upon a voluntary wager upon the sex of a third person, because, amongst other reasons, it tended to disturb his peace. But, there is a wide difference between affecting the feelings of a third person by an idle wager, and by ⅜ grave inquiry into a public misdemeanor. The quiet qf a man’s mind should not be at ihe mercy of indifferent persons, to gratify their avarjce or beguile their idleness | yet occasions will arise, when it must1 yield to the necessity of of deciding civil and criminal rights.
Daniel, J.
The indictment states, that the Defendant, Hawkins Cox, unlawfully bedded and cohabited with á certain woman, by the name of Hawkins, contrary to tha act of the General Assembly in such case made and proi tided. I do not consider, the law requires both parties to be before the Court, and put upon their trial at the Same time, in order to support an inclictm’fent under this act. I discover nothing in the wording of the act, to au-thorise such a construction. There are some cases in the books, which go to prove the Defendant may be thus prosecuted.‡ They were indicted for a conspiracy ; and Kinnersley, only, was tried and found guilty. A motioi^ was made in arrest of judgment, because one only wae fptind guilty, when the law requires two persons at least, Jo form a conspiracy. It was answered, and so held ⅛ *167 ⅜⅛6 Court, that as the case stood, both were found guilty, although Moore, was not, as Kennersley was, concluded lay the verdict. Tnd so judgment may be given against one before the trial of the other. So one may be indicted and punished for a riot, if it is laid to have been done by him, cum multis aliis.* •
The possibility, that some evil disposed man might procure himself to be indicted for fornication, with some good and virtuous woman, I think, is too remote to govern ttjis case. The penalty which would fall on the Defendant, by virtue of this act, the grand-jury, the Stat^ officer, the Court, and her friends, would, in my opinion, i>e sufficient guards tó protect her from such an outrage.
The motion to quash overruled.
Hall, J. Lowrie, J. and Huifin, J. concurred, ⅛ overruling the motion to quash,
¡5-EAWell, J. dissented,

 2 Campbell's N. P. 233

 1 strange 193.

 2 Str., 1227.

 1 Dall. 124

 Cowper, 236

 Stra 193 Recy Kinherstey and Moore.

 3 Barr. 1263
1 Ld. Ray 484.

2 Salk 593